FILED

2024 Jul-05  PM 01:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BIOCLEAN REMEDIATION, LLC, et al.,** | } | |
| | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | **Case No.:  2:24-cv-00150-RDP** |
| **v.** | } | |
| | } | |
| **VIVIAL MEDIA, LLC, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on Plaintiffs BioClean Remediation, LLC, Jerry Wiersig, and Teri Wiersig's (collectively "Plaintiffs") Motion to Remand. (Doc. # 11). The Motion has been briefed and is ripe for review. (Docs. # 11, 17). For the reasons discussed below, the Motion (Doc. # 11) is due to be granted.

## I.      Factual Background

BioClean Remediation, LLC ("BioClean") is a mold, fire, and smoke remediation company in Alabama. (Doc. # 1-1 ¶ 10). From 2013 to 2017, BioClean provided odor remediation services through a franchise agreement with Phocatox Technologies, LLC ("Phocatox").[1] (*Id.* at ¶¶ 11-12, pp. 14-39). In October 2017, BioClean and Phocatox terminated the franchise agreement under a Termination Agreement. (*Id.* at ¶ 12). The terms of the agreement indicate that BioClean was

---

[1] At the time BioClean entered into the franchise agreement with Phocatox, it was doing business as "Quality Air Protection, LLC." (Doc. # 1-1 ¶ 11). Under the franchise agreement, BioClean was granted the right to operate a business under the BioSweep name and trademark and did business under the name "BioSweep of the Gulf." (*Id.*; Doc. # 1-1 at p. 14). After the termination of the franchise agreement, BioClean had to remove all references to BioSweep and began using its current name. Although the complaint references the business by all three names at various points, for clarity's sake, the court will only refer to the business as BioClean.

required to remove all references to Phocatox and odor remediation from its online presence, including all social media accounts, by December 31, 2017. (*Id.* at ¶¶ 13-14).

Defendant Vivial Media, LLC ("Vivial") is a digital marketing company that provides services to businesses by managing their online presence and social media accounts to better connect to current and potential customers. (*Id.* at ¶ 9). At all times relevant to this dispute, BioClean contracted with Vivial to manage its online presence, including all social media accounts. (*Id.* at ¶ 15). As a result of this business agreement, Vivial had exclusive management of BioClean's online presence, including sole access to all usernames and passwords to make any necessary changes to BioClean's social media accounts. (*Id.* at ¶¶ 16-17).

Once the Termination Agreement was executed by Phocatox and BioClean, BioClean instructed Vivial to remove any references to Phocatox and odor remediation from its online presence before the December 31, 2017 deadline. (*Id.* at ¶¶ 19-20). Vivial represented that all the requested material would be immediately removed from BioClean's online presence. (*Id.* at ¶¶ 21-22). However, Vivial failed to remove all references by the December 31, 2017 deadline. (*Id.* at ¶¶ 23-25). Despite at least four occasions where BioClean demanded Vivial to remove any references to Phocatox and odor remediation from BioClean's social media accounts, Vivial did not completely remove all references from BioClean's online presence until May 2018. (*Id.* at ¶¶ 26-28).

As a result of the breach of the Termination Agreement's provision that all references would be removed from BioClean's online publications by December 31, 2017, Phocatox filed a federal lawsuit against BioClean and Jerry Wiersig in Indianapolis, Indiana. (*Id.* at ¶ 37); *See Phocatox Techs. v. Wiersig*, 1:18-cv-01298-RLY-DML (S.D. In.) ("Phocatox Litigation"). In the Phocatox Litigation, Phocatox sought a judgment against the defendants in excess of $100,000.00

2

for their alleged trademark infringements and in excess of $2,000,000 for their alleged acts of unfair competition. (Doc. # 1 ¶ 24). The Phocatox Litigation was resolved in November 2022 after the parties filed a joint stipulation of voluntary dismissal of the action with prejudice. (*Id.*). As a result of the Phocatox Litigation, Plaintiffs allege that they incurred substantial fees, expenses, and loss of business. (Doc. # 1-1 at ¶ 38).

On December 29, 2023, Plaintiffs filed suit against Vivial and a host of fictitious defendants in the Circuit Court of Jefferson County, Alabama. (Doc. # 1-1). The complaint alleges claims of breach of contract and unjust enrichment against Defendants. (*Id.* at ¶¶ 41-58). In the complaint, Plaintiffs seek judgment in an amount to be determined by the trier of fact, "but not to exceed $74,000, exclusive of interests, costs, and fees, plus interest, fees, expenses, costs, and attorney's fees." (*Id.* at 11-12).

On February 8, 2024, Vivial removed the case to this court, invoking diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 1). A few days later, Vivial filed a Motion to Compel Arbitration, asserting that the dispute is bound by an arbitration agreement. (Doc. # 2).[2] Plaintiffs have now moved to remand the case back to state court, arguing that § 1332's amount in controversy requirement is not met. (Doc. # 11).

## II.    Legal Standard

Federal courts are courts of limited rather than general jurisdiction. *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Under § 1332, a federal district court has diversity jurisdiction over an

---

[2] Although Vivial's Motion to Compel Arbitration has been fully briefed (Docs. # 3, 14, 16), it is still pending before the court. Because federal courts are courts of limited jurisdiction, any doubts regarding subject matter jurisdiction must be resolved before taking any steps to address the merits of a case. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1275 n.22 (11th Cir. 2000). As a result, the Eleventh Circuit has held that a federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other pending motions before the court. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Therefore, it would be improper for the court to evaluate whether this matter is bound by an arbitration agreement before deciding the question of subject matter jurisdiction.

action when the parties are completely diverse in citizenship and when the amount in controversy exceeds $75,000, exclusive of interests and costs. Relatedly, under 28 U.S.C. § 1441(a), "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court … where such action is pending."

Removal is only proper when it is "facially apparent" from the complaint that the parties' amount in controversy exceeds $75,000. *Moore v. CNA Found.*, 472 F. Supp. 2d 1327, 1331 (M.D. Ala. 2007) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). Where a case is removed from state court to federal court, "[t]he removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012); *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014). And, in the context of a motion for remand, the party opposing remand has the burden of establishing that removal was proper. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998).

Although the burden on the defendant is a heavy one, the removing defendant is "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Indeed, a district court may rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in determining whether a complaint meets the amount in controversy requirement. *Id.* But, any such deductions and inferences must be based on actual evidence as opposed to pure conjecture. *Id.*; *see also Brown v. Ford Motor Co.*, 2021 WL 2533020, *2 (N.D. Ala. 2021). Therefore, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly" so that "all doubts about jurisdiction should be resolved in favor of

4

remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *see Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000) (citation omitted) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

## III.    Discussion

Vivial bears the burden of showing that its removal was proper here. *See City of Vestavia Hills*, 676 F.3d at 1313 n.1. It contends that jurisdiction in this court is proper because the court has diversity jurisdiction under § 1332. The parties do not dispute that there is complete diversity of citizenship. The sole issue before the court is whether the amount in controversy exceeds $75,000.

Plaintiffs contend that the amount in controversy requirement is not met, and that, as a result, the case is due to be remanded to state court. (Doc. # 11). Vivial presents two arguments in opposition to remand. First, Vivial argues that Plaintiffs' Motion should be denied because it is facially apparent from Plaintiffs' complaint that the amount in controversy requirement is satisfied. Second, Vivial argues that Plaintiffs' refusal to stipulate against an award of damages in excess of $75,000 is a substantial factor weighing against remand. The court considers both arguments, in turn, below.

### A.    Amount in Controversy Under 28 U.S.C. § 1332

First, Vivial argues that this court has subject matter jurisdiction over this matter because it is facially apparent from Plaintiffs' complaint that the amount in controversy requirement is satisfied. (Doc. # 17 at 4). Citing to *Pretka*, Vivial asserts that the court should apply a preponderance of the evidence standard when reviewing Plaintiffs' Motion to Remand and ultimately find that remand is inappropriate because it has proven by a preponderance of the

evidence that Plaintiffs are attempting to recover more than $75,000. 608 F.3d 744 (2010); (Doc. # 17 at 4). But, in making this argument, Vivial operates under the wrong burden of proof.

To be sure, in cases like *Pretka* where jurisdiction is based on a claim for indeterminate damages and the plaintiff does not make a demand for a specific dollar amount, a lower burden of proof is warranted. "When the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 754 (quoting *Williams*, 296 F.3d at 1319. In such a case, the party seeking to invoke federal jurisdiction must only prove by a preponderance of the evidence that the claims meet the jurisdictional minimum. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072-77 (11th Cir. 2000)).

However, a removing party bears a higher burden of proof in cases where the language of the complaint expressly limits a claim to an amount less than the jurisdictional amount in controversy. The Eleventh Circuit has held that (1) when a damages clause (sometimes referred to as an *ad damnum* clause) expressly limits the damages sought by a plaintiff, it "deserves deference and a presumption of truth" and (2) when a plaintiff chooses to include such a clause, courts should "not assume -- unless given reason to do so -- that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Brown*, 2021 WL 2533020 at *3. Under this line of case law, where such an express damages limitation exists, the court must remand unless the defendant can prove to a legal certainty that the amount in controversy actually exceeds $75,000. *Burns*, 31 F.3d at 1095; *see also Kline v. Avis Rent A Car Sys., Inc.*, 66 F. Supp. 2d 1237, 1239 (S.D. Ala. 1999);

*Hardy v. Jim Walter Homes, Inc.*, 2007 WL 1889896, at *3 (S.D. Ala. 2007) ("If a defendant removes the case to federal court, notwithstanding the plaintiff's specific pleading of damages below the jurisdictional minimum, then in order to avoid remand the 'defendant must prove to a legal certainty that plaintiff's claim must exceed' the jurisdictional amount."). As other courts have noted, this is a "daunting" burden. *Hardy*, 2007 WL 1889896 at *3.

Although Vivial contends otherwise, the face of Plaintiffs' complaint expressly limits their damages claim to less than the jurisdictional amount. That is, the complaint expressly seeks judgment in an amount to be determined by the trier of fact, "but not to exceed $74,000, exclusive of interests, costs, and fees, plus interest, fees, expenses, costs, and attorney's fees." (Doc. # 1-1 ¶¶ 49, 58). Both the Eleventh Circuit and other district courts within the circuit have found that similar language qualifies as an express limitation of damages that raises the burden of proof. *See Burns*, 31 F.3d at 1093-94 (finding that plaintiff's request for damages "in such sum as the jury determines to be just, lawful and fair, but not more than $45,000.00" was a specific damage request that raised the burden of proof); *Hardy*, 2007 WL 1889896 at *3 (language in the complaint specifically capping the damages sought in the amount to $74,000 plus costs qualified as a specific pleading below the jurisdictional minimum); *Brown*, 2021 WL 2533020 at *3 (statement that "[p]laintiffs do not seek more than $74,900" in the complaint was an express limitation). Thus, because Plaintiffs included an *ad damnum* clause in their complaint, *Pretka*'s preponderance of the evidence standard of review simply does not apply here. *See Brown*, 2021 WL 2533020 at *3 (finding the same). Rather, contrary to its argument otherwise, to defeat remand Vivial must prove to a legal certainty that the amount in controversy exceeds $75,000. *Burns*, 31 F.3d at 1095. It has not done so.

In order to prove to a legal certainty that the amount in controversy exceeds the jurisdictional amount, a defendant must show that an award below $75,000 would be outside the range of permissible awards. *Burns*, 31 F.3d at 1096 (citing *Kliebert v. Upjohn Co.*, 915 F.2d 142, 147 (5th Cir. 1990)).  In other words, the potential that a plaintiff *could* recover more than $75,000 is not enough to prove jurisdiction in the face of a plaintiff's specific pleading. *Id.* at 1097. Instead, a defendant can only clear this hurdle by showing that the plaintiff "would not recover less than [the jurisdictional amount] if she prevailed." *Hill v. United Ins. Co. of Am.*, 998 F. Supp. 1333, 1336 (M.D. Ala. 1998) (quoting *Tapscott*, 77 F.3d at 1356).

Vivial has not met this burden. Although much of its argument is based on the overall outcome of the Phocatox Litigation and the expenses incurred in relation to it, this argument fails to take into account the actual claims in this matter. The complaint asserts only two claims against Defendants: breach of contract and unjust enrichment. And, as Plaintiffs admit in their Motion, "the two claims are alternative theories, which is to say, that only one claim could prevail." (Doc. # 11 ¶ 5). This is especially true because "[t]he doctrine of unjust enrichment generally does not apply when there is a contract between the parties governing the same subject matter." *Embry v. Carrington Mortg. Servs.*, 2023 WL 3991043, at *4 (N.D. Ala. June 13, 2023). Therefore, assuming Plaintiffs ultimately prevail in the litigation, it is likely they will only actually recover damages under one theory of relief. *See Torbert v. Advanced Disposal Servs., Ala., LLC*, 2015 WL 7573014 at *3 (S.D. Ala. 2015) (holding that, although a plaintiff's claims may be aggregated to satisfy the jurisdictional amount generally, "if these claims are alternative bases of recovery for the same harm under state law, [the plaintiff] could not be awarded damages for both, and a court should not aggregate the claims to arrive at the amount in controversy").

Further, despite Vivial's assertion that this lawsuit is a means for Plaintiffs to recover the full amount of their losses in the Phocatox Litigation, the contract between the parties expressly prevents such an outcome. Notably, the contract between Vivial and BioClean contained a limitation of liability clause, ensuring that Vivial's liability cannot exceed "the amount of charges incurred for the affected service from the time [Vivial] [is] notified of the error or omission until its correction and in no event shall exceed the total charges for the relevant order." (Doc. # 11 at 4). Moreover, under the contract, neither party is liable for damages for lost profits or revenues or any indirect, incidental, special, consequential, exemplary, or punitive damages arising out of the performance of failure to perform under the agreement. (*Id.*). Thus, although Vivial asserts that Plaintiffs seek to recover reimbursement for the substantial damages, injuries, loss of business, and attorney's fees in the Phocatox Litigation from Vivial, the contract between the parties significantly limits that recovery to an amount well below the jurisdictional amount.

Ultimately, removal must be balanced against the principle that a plaintiff is the master of his complaint. *Burns*, 31 F.3d at 1095. To be clear, a defendant's right to remove is not on equal footing with a plaintiff's right to choose his forum. *Id.* Although, owing to this disparity, there is always some presumption in favor of remand, that presumption is "significantly bolstered where … the complaint expressly limits the recovery to an amount below the jurisdictional minimum." *Kline*, 66 F. Supp. 2d at 1239 (citing *Burns*, 31 F.3d at 1097). That is precisely the case here. Plaintiffs' complaint expressly limits their claimed recovery to $74,000 or less, and Vivial has offered no evidence that an award below this amount is outside the range of permissible awards for this case. *See Brown*, 2021 WL 2533020 at *4; *Holmes v. Kabco Builders, Inc.*, 2007 WL 841686, at *2 (S.D. Ala. 2007) ("Where, as here, a plaintiff specifically pleads a damages amount

below the jurisdictional threshold, the Eleventh Circuit has found that such a pleading deserves deference and a presumption of truth." (citations and internal quotation marks omitted)).

Plaintiffs limited their requested damages to an amount that is below $75, 000. Vivial has not provided sufficient evidence to satisfy the legal certainty standard.

### B.    Plaintiffs' Refusal to Stipulate

Vivial also argues that Plaintiffs' refusal to stipulate that they would not accept any award of damages in excess of $75,000 is a substantial factor weighing against remand. The court disagrees.

As an initial matter, there appears to be some dispute between the parties about whether Plaintiffs indeed refused to enter into this stipulation. Although Vivial has asserted on numerous occasions that Plaintiffs have refused to stipulate that they will only accept damages less than $75,000 in the state court (*see* Docs. # 1 at 10; 17 at 8-10), Plaintiffs maintain that Vivial has never requested such a stipulation. (Doc. # 11 at 13-14). The parties' Joint Status Report filed on March 29, 2024 does little to clear up this confusion, and instead adds to it by alleging that both parties circulated proposed stipulations regarding the amount in controversy, but ultimately failed to reach an agreement on the proposed language of the stipulation. (Doc. # 20).

In any event, even assuming Plaintiffs *did* refuse to stipulate to not accepting an award of damages in excess of the jurisdictional amount, that refusal does not necessarily weigh against remand. This argument fails to account for the fact that a plaintiff may refuse to stipulate to such a request for any number of valid reasons. *See Williams*, 269 F.3d at 1320 ("There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [Vivial's] burden of proof on the jurisdictional issue."); *Dunlap v. Cockrell*, 336 F. Supp. 3d 1364, 1367 (S.D. Ala. 2018) (collecting cases finding that a plaintiff's denial to stipulate to the

amount in controversy is insufficient evidence to support removal jurisdiction on a diversity theory).

Vivial relies on the holding in *Jones v. Novartis Pharmaceuticals Co.*, 952 F. Supp. 2d 1277 (N.D. Ala. 2013) and argues that a refusal to stipulate should be considered in assessing the amount in controversy. But, that case is distinguishable. Notably, the court in *Jones* found that it was "facially apparent from the pleadings that the jurisdictional minimum" was met. *Id.* at 1286. To the contrary, and as noted above, here, the opposite is true—it is not facially apparent from the pleadings that the amount in controversy is met. The complaint expressly limits the requested recovery to an amount below the jurisdictional minimum, which significantly bolsters the presumption favoring remand. *See Kline*, 66 F. Supp. 2d at 1239 (finding that the presumption of remand is "significantly bolstered where … the complaint expressly limits the recovery to an amount below the jurisdictional minimum.").

Therefore, the court finds that Plaintiffs' purported refusal to stipulate that they would not accept any award of damages in excess of $75,000 does not weight against remand.

## IV.    Conclusion

For the reasons stated above, the court finds that it lacks subject matter jurisdiction over the claims in this case. A separate order will be entered remanding this case to the Circuit Court of Jefferson County, Alabama.

**DONE** and **ORDERED** this July 5, 2024.

R. DAVID PROCTOR
CHIEF U.S. DISTRICT JUDGE